## JOHN LEMMINCE *v.* L. M. BENTON.

[Abstract Kentucky Law Reporter, Vol. 4—985.]

**Gift Against Creditors.**

> Where one gives a town lot to his son prior to the creation of a debt by the donor, and the son takes possession and improves it and is in the occupancy of it at the time the donor includes it in a mortgage to his creditor, the son's equity is superior to that of the creditor.

### APPEAL FROM OHIO CIRCUIT COURT.

May 5, 1883.

OPINION BY JUDGE HINES:

The evidence in this case conclusively shows that John Benton made a gift of the lot in controversy to his son, L. M. Benton, prior to the creation of the debt to appellant, and that L. M. Benton entered into this agreement, improved the property and was in the occupancy of it at the time the mortgage was executed by John Benton to appellant. The evidence is also sufficient to authorize the conclusion that a writing in the nature of a title bond was executed by John Benton to L. M. Benton shortly after the gift and before the execution of the mortgage. But the facts of the gift, entry under it, improvement of the property and occupancy by L. M. Benton at the time of the execution of the mortgage, render it immaterial whether there was a title bond or any writing evidencing the gift, at least so far as appellant is concerned. The gift, entry, improvements and occupancy gave L. M. Benton an equity in the land, and the mortgage to appellant, subsequently made, gave him nothing more than an equity; and as he never acquired the legal title and as the facts were such as to authorize the conclusion of notice to every one before the acquisition of the legal title by any one, the senior equity of L. M. Benton ought to prevail.

Judgment *affirmed.*

*M. F. Gregory, for appellant.*

*McHenry & Hill, for appellee.*